**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MURIEL MCKOY,

     Plaintiff

     v.

HONORABLE RICHARD V. SPENCER,

     Defendant

Civil Action No. 16-1313 (CKK)

**MEMORANDUM OPINION**
(January 31, 2019)

This suit arises from Plaintiff Muriel McKoy's discharge from her employment as a dentist with the Navy. Plaintiff claims that Defendant violated her constitutional rights to free speech and due process under the First and Fifth Amendments to the United States Constitution, as well as the Privacy Act. Before the Court is Defendant's Motion for Partial Dismissal of the Complaint and for Partial Summary Judgment. Defendant argues that Plaintiff's Privacy Act claim should be dismissed for failure to exhaust and that Plaintiff's requests to be reinstated to the Navy and to enjoin Defendant from violating the constitutional rights of third parties who report discrimination should be dismissed for lack of standing. Additionally, Defendant asks the Court to grant summary judgment on Plaintiff's Fifth Amendment due process claim based on a failure to allege a constitutionally protected interest.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the applicable record, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion. The Court

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Opp'n to Pl.'s Mot. for Leave to Conduct Discovery and Mot. for Partial Dismissal of the Compl. and for Partial Sum. Judg. ("Def.'s Mot."), ECF No. 35;
- Pl.'s Mem. Of Points and Authorities in Opp'n to Def.'s Mot. for Partial Dismissal of the Compl. and for Partial Sum. Judg. ("Pl.'s Opp'n"), ECF No. 40; and

GRANTS Defendant's motion and DISMISSES Plaintiff's Privacy Act claim insofar as it is based on Defendant's failure to amend personnel records as Plaintiff failed to exhaust this claim. The Court also DISMISSES Plaintiff's request that the Court enjoin Defendant from retaliating against third parties who report discrimination as Plaintiff does not have standing to request relief for third parties. Finally, the Court DISMISSES Plaintiff's Fifth Amendment due process claim alleging infringement of Plaintiff's interest in a clean record with the National Practitioner Data Bank and the New York licensing authorities as Plaintiff has not alleged a constitutionally protected interest. Defendant's motion is otherwise DENIED.

Also before the Court is Plaintiff's Motion for Leave to Conduct Discovery. This motion was made in response to the Court's May 23, 2018 Order that Plaintiff file a motion explaining why, as a legal matter given the claims in this case, she is entitled to discovery. *See* ECF No. 33. Defendant contends that Plaintiff is not entitled to discovery and that the Court should instead restrict itself to review of the administrative record.

Upon consideration of the pleadings,[2] the relevant legal authorities, and the applicable record, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion. The Court DENIES Plaintiff's motion and concludes that Plaintiff is not entitled to discovery on her Fifth

---

- Def.'s Reply in Support of Mot. for Partial Dismissal of the Compl. and for Partial Sum. Judg. ("Def.'s Reply"), ECF No. 41.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

[2] The Court's consideration has focused on the following documents:
- Mot. for Leave to Conduct Discovery in Response to the Court's May 23, 2018 Order ("Pl.'s Mot."), ECF No. 34;
- Def.'s Opp'n to Pl.'s Mot. for Leave to Conduct Discovery and Mot. for Partial Dismissal of the Compl. and for Partial Sum. Judg. ("Def.'s Mot."), ECF No. 35; and
- Reply in Support of Mot. for Leave to Conduct Discovery in Response to the Court's May 23, 2018 Order ("Pl.'s Reply"), ECF No. 39.

Amendment due process claim alleging an interest in the continued practice of dentistry with the Navy. This claim requires the Court to evaluate an agency action made on the administrative record; so, the Court will restrict its review to the administrative record. But, Plaintiff's motion is GRANTED as to the remainder of her claims as discovery on those claims is permissible.

## I. BACKGROUND

Defendant previously filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. *See* ECF No. 8. And in the Court's Memorandum Opinion granting in part and denying in part Defendant's motion, the Court set out the factual background of this case. *See* ECF No. 16; *see also McKoy v. Spencer*, 271 F. Supp. 3d 25, 29-30 (D.D.C. 2017). The Court incorporates its previous background section as part of this opinion. The Court recites here only the background essential to the Court's resolution of the currently pending motions. The Court reserves further presentation of the facts for the issues discussed below.

Plaintiff Muriel McKoy is an African American female who was previously employed by the Navy as a dentist. Compl., ECF No. 1, ¶¶ 4, 7. Based on the results of an evaluation of Plaintiff's work, Plaintiff's clinical dentistry privileges were held in abeyance and then suspended. *Id.* at ¶¶ 14-15. Further proceedings and appeals led to Plaintiff being prohibited from practicing dentistry in the Navy. *Id.* at ¶ 17. She was eventually separated and discharged from the Navy. *Id.* at ¶ 25.

Subsequently, Plaintiff filed this lawsuit alleging that the manner in which the Navy suspended and then discharged her violated her rights under the First and Fifth Amendments to the United States Constitution. *Id.* at ¶¶ 28-36. Plaintiff further alleges that the Navy violated the Privacy Act by refusing to amend certain personnel records and by disclosing Plaintiff's personnel records to various third parties. *Id.* at ¶¶ 37-40. Plaintiff seeks an injunction, a

declaratory judgment, reinstatement with removal of adverse personnel actions, rescission of Defendant's various statements to third parties relating to Plaintiff's separation, cessation of Defendant's efforts to recoup the incentive pay and bonus pay Plaintiff had received while employed by the Navy, as well as damages, fees, costs and expenses. *Id.* at ¶¶ A-F.

In lieu of filing an answer to Plaintiff's complaint, Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. *See* ECF No. 8. In response, the Court dismissed Plaintiff's claim for money damages under the First and Fifth Amendments but denied Defendant's motion in all other respects. *See generally* Sept. 21, 2017 Order, ECF No. 15. Following the Court's Order, Defendant filed its Answer to Plaintiff's Complaint. *See* ECF No. 17. Thereafter, the parties disputed whether or not Defendant had provided the complete administrative record. In response, Plaintiff filed a Motion to compel Defendant to supplement the administrative record, which Defendant opposed. *See generally* Pl.'s Mot. to Compel Submission of Complete Administrative Record in Response to Court's Nov. 29, 2017 Order, ECF No. 22, and Def.'s Opp'n to Pl.'s Mot. to Compel, ECF No. 25. Considering both parties' arguments, the Court denied Plaintiff's motion without prejudice. *See* May 23, 2018 Order, ECF No. 33. The Court explained that Plaintiff's motion failed to address whether she was legally entitled to discovery on her claims or whether she was bound by the administrative record. *Id.*

In response to the Court's Order, Plaintiff filed a Motion for Leave to Conduct Discovery. *See* Pl.'s Mot., ECF No. 34. Defendant responded by opposing Plaintiff's motion for discovery and also by filing a motion to dismiss and a motion for summary judgment. *See* Def.'s Mot., ECF No. 35. Both Plaintiff's and Defendant's motions are currently before the Court.

## II. LEGAL STANDARDS

Defendant moves to dismiss Plaintiff's Privacy Act claim, her request for reinstatement to the Navy, and her request to enjoin the Navy from retaliating against third parties who report discrimination. Defendant also moves for summary judgment on Plaintiff's Fifth Amendment due process claim. However, in requesting summary judgment on Plaintiff's due process claim, Defendant makes a purely legal argument. Specifically, Defendant contends that Plaintiff has failed to allege a constitutionally protected interest. As the Court can resolve this legal issue by relying on only Plaintiff's Complaint, Defendant's motion is more properly treated as a motion to dismiss. Accordingly, the Court will treat it as such.

### A. Subject Matter Jurisdiction under Rule 12(b)(1)

Defendant requests dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction. This is the correct standard for the dismissal of Plaintiff's Privacy Act claims. Defendant contends that Plaintiff failed to exhaust her Privacy Act claims, and exhaustion under the Privacy Act is a jurisdictional requirement. *See Stein v. U.S. Sec. and Exch. Comm'n*, 266 F. Supp. 3d 326, 335-36 (D.D.C. 2017) (finding the court did not have jurisdiction over the plaintiff's Privacy Act claim that he had failed to exhaust); *see also Barouch v. U.S. Dep't of Justice*, 962 F. Supp. 2d 30, 67 (D.D.C. 2013) (collecting cases treating exhaustion under the Privacy Act as jurisdictional); *see also* 5 U.S.C. §§ 552a(d)(1)-(3), (g)(1) (setting out the statutory requirement for exhaustion of Privacy Act claims).

Rule 12(b)(1) also provides the correct standard for evaluating Defendant's motion to dismiss Plaintiff's requests for reinstatement to the Navy and for injunctive relief for third parties. On these claims, Defendant moves for dismissal based on lack of standing. And, standing is a jurisdictional requirement. *See Friends of Animals v. Jewell*, 828 F.3d 989, 991 (D.C. Cir 2016) (affirming dismissal under Fed. R. Civ. P. 12(b)(1) for lack of standing); *see also Food &*

*Water Watch, Inc. v. Vislack*, 808 F.3d 905, 913 (D.C. Cir. 2015) ("we must evaluate whether they have established standing under the standard applicable pursuant to Federal Rule of Civil Procedure 12(b)(1)").

A court must dismiss a case pursuant to Federal Rule 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal quotation marks omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. U.S. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted).

## B. Failure to State a Claim under Rule 12(b)(6)

The Court will evaluate the dismissal of Plaintiff's Fifth Amendment due process claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. Whether or not Plaintiff pled a constitutionally protected interest goes to Plaintiff's ability to set forth allegations, which taken as true, would make Defendant liable for the misconduct alleged. Accordingly, this claim will be dealt with under Rule 12(b)(6). *See Bowman v. Iddon*, 848 F.3d 1034, 1038-40 (D.C. Cir. 2017) (affirming dismissal under Rule 12(b)(6) when the plaintiff "identifie[d] no constitutionally protected interest lost through Defendants' actions").

Pursuant to Federal Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "In evaluating a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 27 (D.D.C. 2006).

## III. DISCUSSION OF DEFENDANT'S MOTION

In its motion, Defendant requests that the Court dismiss Plaintiff's Privacy Act claim for failure to exhaust and dismiss Plaintiff's requests for reinstatement to the Navy and for relief for third parties on standing grounds. Additionally, Defendant requests that the Court grant summary judgment on Plaintiff's Fifth Amendment due process claim for failure to allege a constitutionally protected interest. But, for the reasons provided above, Defendant's request for summary judgment on Plaintiff's due process claim will also be treated as a motion to dismiss. *See Supra* Sec. II. The Court will address each request in turn.

### A. Dismissal of Plaintiff's Privacy Act Claim

Defendant argues that the Court should dismiss Plaintiff's Privacy Act claim as it has not been exhausted. Plaintiff states two types of violations of the Privacy Act, one involving disclosure of records and one involving the failure to amend records. First, Plaintiff claims that Defendant violated the Privacy Act by disclosing: (1) to the National Practitioner Data Bank and the New York licensing authorities that her clinical privileges were revoked for substandard or inadequate care; (2) to credit agencies that she was indebted to the Navy for the incentive pay she received each year she was in service; and (3) to her school that her discharge was less than honorable. Compl., ECF No. 1, ¶¶ 39-40. Second, Plaintiff contends that the Navy "violated the Privacy Act by recording in Plaintiff's personnel file that she practiced substandard dentistry which required the revocation of her clinical privileges." *Id.* The Court will separately address both types of Privacy Act violations.

#### 1. Privacy Act Violation-Disclosure

The Court will first address Plaintiff's Privacy Act allegation involving the disclosure of personnel records to third parties. Defendant argues that these claims should be dismissed for

failure to exhaust. This Circuit "distinguishe[s] between Privacy Act suits seeking correction of agency records and suits seeking damages for inaccurate records. While plaintiffs must request agency amendment of allegedly inaccurate records before suing to compel amendment, exhaustion of administrative remedies is not required where an individual seeks damages" for inaccurate records. *Hubbard v. U.S. Envtl. Prot. Agency Adm'r*, 809 F.2d 1, 4 (D.C. Cir. 1986) (internal quotation marks omitted).

Plaintiff's disclosure claims under the Privacy Act did not require the exhaustion of remedies because the claims do not involve a request for amendment to personnel records. Instead, Plaintiff is seeking damages for Defendant's allegedly unlawful disclosure of personnel records. And, a claim seeking damages for the unlawful disclosure of personnel records does not require exhaustion. *See Nagel v. U.S. Dep't of Health, Educ. and Welfare*, 725 F.2d 1438, 1441 n.2 (D.C. Cir. 1984) (explaining that exhaustion is not required when an individual seeks damages for records); *see also Flowers v. the Exec. Office of the President*, 142 F. Supp. 2d 38, 44 (D.C. Cir. 2001) (explaining that a plaintiff does not have to seek agency action before a plaintiff files a damages suit against an agency for the unlawful maintenance and dissemination of records).

Relatedly, Defendant contends that this Court cannot grant Plaintiff relief for the disclosure of "false" personnel information because Plaintiff cannot use the Privacy Act to challenge the substance of the Navy's decision revoking Plaintiff's dentistry credentials. Defs.' Reply, ECF No 41, 2-3. But, Plaintiff's challenges under the Privacy Act do not necessarily require that the Court evaluate the substance of the Navy's decision on Plaintiff's credentialing. As Plaintiff explains, "[e]ven if Defendant's clinical privilege revocation is proper, it is still subject to special conditions in order to disseminate that internal information to external parties."

Pl.'s Opp'n, ECF No. 40, 9 (emphasis omitted). Accordingly, Plaintiff has properly alleged Privacy Act disclosure violations which did not require exhaustion.

Even if Plaintiff was not required to exhaust Defendant's alleged disclosure violations under the Privacy Act, Defendant asks the Court to dismiss Plaintiff's Privacy Act claim on the grounds that Plaintiff failed to allege pecuniary damages. Specifically, Defendant argues that disclosing Plaintiff's personnel records did not result in an actionable adverse agency determination because Plaintiff was not denied a right, benefit, entitlement, or employment.

But, at the motion-to-dismiss stage, the Court finds that Plaintiff has sufficiently plead damages. Plaintiff alleged that, due to Defendant's disclosures, she was denied educational benefits, her credit score decreased, and she could not continue her career as a dentist. Compl., ECF No. 1, ¶¶ 24-27. On the current record, it is unclear whether or not Plaintiff will be able to sufficiently connect her damages to Defendant's alleged Privacy Act disclosure violations. But, the Court is not prepared to dismiss Plaintiff's claim on this ground at this time.

Accordingly, Defendant's motion is DENIED as to Plaintiff's Privacy Act disclosure claim.

### 2. Privacy Act Violation- Amendment of Records

The Court next considers Plaintiff's Privacy Act claim contending that Defendant wrongfully recorded in Plaintiff's personnel file "that she practiced substandard dentistry which required the revocation of her clinical privileges." *Id.* at ¶ 39. Again, Defendant argues that this claim should be dismissed as Plaintiff failed to exhaust it. This Privacy Act claim, unlike the disclosure violations, appears to be a claim to correct personnel records, rather than a claim for damages based on inaccurate records. *See* Pl.'s Opp'n, ECF No. 40, 9 ("Defendant's own undisputed facts show that Dr. McKoy sufficiently exhausted her administrative remedy for

Defendant's failure to correct her personnel file"). Accordingly, this claim, unlike the others, requires exhaustion. *See Hubbard*, 809 F.2d at 4.

Plaintiff argues that, if exhaustion is required, she exhausted her administrative remedies because she "appealed her case several times until she received a final credentialing decision from the Surgeon General of the Navy." Pl.'s Opp'n, ECF No. 40, 9. But, appealing the Navy's credentialing decision was not sufficient to exhaust Plaintiff's Privacy Act claim. Instead, to exhaust a claim under the Privacy Act, a plaintiff must first contact the agency directly to challenge the records and pursue relief through the agency until there is a final action. *See* 5 U.S.C. §§ 552a(d)(1)-(3), (g)(1) (setting out the statutory requirement for exhaustion of Privacy Act claims).

Plaintiff fails to allege that she sought amendment of her records through the required administrative scheme. Instead, she argues that she was not required to do so because she did not receive notice of the administrative process for exhausting a Privacy Act claim. Pl.'s Opp'n, ECF No. 40, 9. Plaintiff's sole support for her argument that Defendant was required to provide notice of the Privacy Act's administrative exhaustion process is *Mumme v. United States Department of Labor*, 150 F. Supp. 2d 162 (D. Me. 2001). But, this out-of-circuit district court case held only that agencies must provide petitioners with notice of their appeal rights after an agency denies a petitioner's request for correction of a Privacy Act record. *Mumme*, 150 F. Supp. 2d at 1710-71; *see also Harper v. Kobelinski*, 589 F.2d 721, 723 (D.C. Cir. 1978) (explaining that a plaintiff's Privacy Act claim was properly before the court when the agency's denial of his request for amendment did not include notice of his appeal rights). Here, Plaintiff has not alleged that she made an initial request to the agency for an amendment to her Privacy Act personnel records.

Accordingly, Defendant was under no duty to provide Plaintiff with notice of the Privacy Act's administrative appeals process.

Because Plaintiff did not exhaust her Privacy Act claim alleging that Defendant failed to amend her personnel records, the Court GRANTS Defendant's motion and DISMISSES this claim. *See Hill v. U.S. Air Force*, 795 F.2d 1067, 1069 (D.C. Cir. 1986) (per curiam) (explaining that the plaintiff could not bring a Privacy Act claim seeking amendment to his records because the plaintiff had not exhausted his administrative remedies).

**B. Dismissal of Plaintiff's Request for Reinstatement to the Navy**

Next, Defendant asks the Court to dismiss Plaintiff's request for reinstatement to the Navy. But, the Court concludes that Plaintiff may proceed with this request as Plaintiff has standing to pursue this relief.

Defendant argues that the Court should dismiss Plaintiff's request for reinstatement to the Navy because Plaintiff lacks standing to request this relief. Defendant contends that Plaintiff voluntarily resigned from the Navy. Because Plaintiff voluntarily resigned, Defendant claims that there is no causal relationship between Defendant's actions and Plaintiff's alleged harm. Accordingly, Defendant asks the Court to dismiss this claim for lack of standing. *See Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 767 (D.C. Cir. 1997) (explaining that the plaintiff's "voluntary departure creates a large hole in [his] cause of action: [i]n requesting reinstatement, [he] seek[s] a remedy for injury that is in large part self-inflicted").

The Court finds that Plaintiff has established standing sufficient to overcome Defendant's motion to dismiss. Plaintiff alleges that Defendant issued her a Notification of Administrative Separation Processing on January 27, 2015. Compl., ECF No. 1, ¶ 21. Plaintiff further alleges that Defendant notified her that she would be separated from the Navy on July 31, 2015 and that

she was actually separated that day. *Id.* at ¶ 25. Plaintiff's requested remedy of reinstatement would grant relief for her injury of separation from the Navy allegedly caused by Defendant. Accordingly, Plaintiff has established standing to pursue reinstatement. *See Steffan v. Cheney*, 733 F. Supp. 115, 118 (D.D.C. 1989) (finding standing where the plaintiff alleged that the defendants "caused plaintiff to be separated, against his will, from the United States Naval Academy").

Defendant contests Plaintiff's claim of separation, arguing that evidence in the administrative record shows that Plaintiff was not actually separated from the Navy; instead, she voluntarily resigned. Defs.' Mot., ECF No. 35, 8 (citing AR-4, 37-40; AR-4, 2; AR-2, 2). But, when deciding a motion to dismiss for lack of standing, "the plaintiff is protected from an evidentiary attack on his asserted theory by the defendant." *Haase v. Sessions*, 835 F.2d 902, 907 (D.C. Cir. 1987). Instead, the Court looks only to the allegations in the plaintiff's complaint, and "[a]ssuming the theory presented in the complaint is not itself inherently flawed, the standing inquiry is ordinarily now complete." *Id.*

Here, Plaintiff's Complaint alleges that her Commanding Officer in the Navy issued her a Notification of Administrative Separation Processing. Compl., ECF No. 1, ¶ 21. Her Complaint further alleges that "[s]he was notified that she would be separated from the Navy" and was in fact "separated from the Navy." *Id.* at ¶ 25. Accordingly, Plaintiff has sufficiently alleged that Defendant caused her separation from the Navy and that this harm would be remedied by reinstatement.

The Court finds that Plaintiff's Complaint establishes standing because it alleges that Defendant caused Plaintiff harm by separating her from the Navy and that the harm could be remedied by reinstatement. Accordingly, Defendant's motion to dismiss is DENIED. The Court,

however, expresses no opinion as to whether or not Plaintiff will ultimately be able to establish that she was terminated from the Navy, as opposed to voluntarily resigning from the Navy as Defendant argues. The Court concludes only that Plaintiff's allegations are sufficient to defeat a motion to dismiss for lack of standing at this time.

## C. Dismissal of Plaintiff's Request for Relief for Third Parties

In addition to Plaintiff's request for reinstatement, Defendant also moves to dismiss for lack of standing Plaintiff's request that the Court "[e]njoin Defendant from violating the Constitutional rights of employees who report discriminatory practices under Title VII of the Civil Rights Act of 1964." *Id.* at ¶ B. The Court agrees with Defendant and concludes that Plaintiff does not have standing to pursue this relief for third parties.

There is a general prohibition on plaintiffs requesting relief for third parties. A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). While there are exceptions which allow a plaintiff to request relief for third parties, it does not appear that any of those exceptions would apply to this case. And, in her opposition to Defendant's motion, Plaintiff failed to provide any support for her ability to request injunctive relief for third parties. Moreover, it is not obvious that such relief is necessary because Plaintiff has not alleged that Defendant systematically, or even repeatedly, violated the constitutional rights of employees who reported discrimination.

Because Plaintiff asserts no grounds affording her standing to request relief for third parties, the Court GRANTS Defendant's motion and DISMISSES Plaintiff's request that the Court "[e]njoin Defendant from violating the Constitutional rights of employees who report

discriminatory practices under Title VII of the Civil Rights Act of 1964." Compl., ECF No. 1, ¶ B.

## D. Dismissal of Plaintiff's Fifth Amendment Due Process Claim

Finally, Defendant moves for summary judgment on Plaintiff's Fifth Amendment due process claim arguing that it fails on the merits as a matter of law. Specifically, Defendant contends that none of Plaintiff's asserted interests are protected by the due process clause. For reasons the Court has already explained, the Court will treat Defendant's motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Supra* Sec. II.

In considering the merits of a due process claim, courts engage in a two-step process. First, the court must "ask whether there exists a liberty or property interest of which a person has been deprived, and if so … ask whether the procedures followed … were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Defendant argues that, as a matter of law, none of Plaintiff's asserted interests are constitutionally cognizable liberty or property interests. Because Plaintiff fails to assert a constitutionally protected interest, Defendant asks that the Court dismiss Plaintiff's due process claim without determining whether or not Plaintiff was accorded the requisite degree of procedural protection.

While it is not clear from Plaintiff's Complaint, Plaintiff appears to argue that Defendant violated due process by infringing on three substantive rights without providing adequate process. Plaintiff contends that Defendant infringed on (1) her right to already-received incentive payments, (2) her right to continue practicing dentistry in the Navy, and (3) her right to a clean record with the National Practitioner Data Bank and the New York licensing authorities.[3] The

---

[3] In its motion, Defendant interprets Plaintiff's Fifth Amendment due process claim as alleging six violations of her constitutionally protected interests. Def.'s Mot., ECF No. 35, 12. Plaintiff

Court concludes that Plaintiff has asserted a constitutionally protected interest in her already-received incentive payments and in her continued practice of dentistry with the Navy. However, Plaintiff has not plead a constitutionally protected interest in her right to a clean record with the National Practitioner Data Bank and the New York licensing authorities; so, that claim is DISMISSED.

### 1. Right to Already-Received Incentive Pay

Defendant argues that Plaintiff does not have a constitutionally protected interest in her already-received incentive pay. In its September 21, 2017 Memorandum Opinion, the Court previously addressed Defendant's assertion that this due process claim should be dismissed because Plaintiff does not have a constitutionally protected interest in her incentive pay. ECF No. 16, 15-16; *see also McKoy*, 271 F. supp. 3d at 36. There, the Court refused to dismiss Plaintiff's due process claim, explaining that Plaintiff was asserting an interest in the incentive pay which she had already received rather than an interest in future incentive payments. The Court explained that constitutionally protected interests can arise in benefits that have already been acquired. *Id.*

In its current motion, Defendant again asks the Court to dismiss Plaintiff's due process claim because, according to Defendant, even if Plaintiff had already received incentive payments, her interest in those payments had not yet vested. Under Plaintiff's agreement to receive incentive pay, she was required to remain on active duty for three years. If she failed to do so, Plaintiff was required to reimburse the government for the total costs incurred and to

---

neither confirms nor denies this reading of her Complaint. But, as the Court reads Plaintiff's Complaint, she asserts only three alleged violations of constitutionally protected interests. Accordingly, the Court will address only those three alleged violations.

refund the payments. AR Vol. II, 4-15.[4] And, Defendant contends that its right to recoup

Plaintiff's incentive payments is statutorily codified at 37 U.S.C. § 302b which empowers the

Secretary of Defense to prescribe conditions for special pay and to require repayment if

entitlements are terminated. Based on Plaintiff's written agreement as well as statutory

requirements, Defendant argues that "Plaintiff's claim to a Constitutional property interest in

paid but unearned incentive pay is meritless." Def.'s Mot., ECF No. 35, 18.

As the Court reads them, the agreement and the statute cited by Defendant do not obviate

Plaintiff's constitutionally protected interest in already-received incentive payments. For a

property interest to be constitutionally protected, a plaintiff "must … have a legitimate claim of

entitlement to" the property. *Bd. Of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

Here, Plaintiff's possession of the incentive payments, given to her in accordance with her

written agreement and statute, constituted a legitimate claim of entitlement to those payments. *Id.*

(explaining that property interests "are defined by existing rules or understandings that stem

from an independent source").

Defendant's ability to recoup incentive payments under certain conditions does not

prevent Plaintiff's interest in those payments from vesting upon receipt. That Defendant may be

entitled to recoup Plaintiff's incentive payments goes to the process owed to Plaintiff, not to the

existence of a constitutionally protected interest in the payments. Defendant cites no case in

---

[4] In her Complaint, Plaintiff references her agreement with the Navy concerning incentive pay. Compl., ECF No. 1, ¶ 7 ("Shortly after she began employment, CAPT Grzesik encouraged Dr. McKoy to request Incentive Pay from the Navy. Dr. McKoy requested Incentive Pay, and her request was approved and she received Incentive Pay."). Accordingly, the Court may consider this agreement to be incorporated by reference into Plaintiff's Complaint and may refer to it in addressing Defendant's motion to dismiss. *See Strumsky v. Washington Post Co.*, 842 F. Supp. 2d 215, 218 (D.D.C. 2012) (explaining that a document referred to in a complaint need not be mentioned by name to be incorporated by reference into the complaint) (citing *Weiner v. Klais & Co.*, 108 F.3 86, 89 (6th Cir. 1997)).

which any court has concluded that a property interest failed to vest despite the plaintiff's

possession of the property. *See Chaves County Home Health Serv., Inc. v. Sullivan*, 931 F.2d 914,

922-23 (D.C. Cir. 1991) (assuming a property interest "in retaining previously made payments

for services rendered" entitling that property "to the protections of due process").

Accordingly, Defendant's motion to dismiss this claim is DENIED.

**2. Right to Continue Practicing Dentistry in the Navy**

Unlike her interest in her already-received incentive payments, Plaintiff's opposition to

Defendant's motion fails to address in any way Defendant's argument that Plaintiff does not

have a constitutionally protected interest in the continued practice of dentistry in the Navy.

Because Plaintiff fails to address this argument, the Court will rely on its own independent

research.

The Court concludes that Plaintiff has a constitutionally protected interest in the

continued practice of dentistry in the Navy. Defendant is correct that Plaintiff does not have a

property interest in the continued practice of dentistry in the Navy. *See Wilhelm v. Caldera*, 90 F.

Supp. 2d 3, 8 (D.D.C. 2000) (finding no property interest in the plaintiff's continued practice of

medicine in the Army). However, Plaintiff does have a liberty interest in the continued practice

of dentistry in the Navy. Accordingly, she has alleged an interest protected under the Fifth

Amendment.

Plaintiff alleges that the revocation of her privileges by the Navy has denied her future

opportunities in dentistry due to the Navy's characterization of Plaintiff's termination. Compl.,

ECF No. 1, ¶ 31. "A due process liberty interest is implicated where the government negatively

alters the employment status of a government employee, and in doing so, stigmatizes the

employee or or impugns his reputation so as to either (1) seriously damage his standing and

associations in his community … , or (2) foreclose his freedom to take advantage of other

employment opportunities by either (a) automatically excluding him from a definite range of employment opportunities with the government or (b) broadly precluding him from continuing his chosen career." *M.K. v. Tenet*, 196 F. Supp. 2d 8, 15 (D.D.C. 2001) (citing *O'Donnell v. Barry*, 148 F.3d 1126, 1140-42 (D.C. Cir. 1998)). Here, Plaintiff claims that Defendant's decision to revoke Plaintiff's credentials and to terminate her position as a naval dentist based on an allegedly inadequate skill level injured her reputation so that she is denied opportunities in her chosen profession of dentistry. Accordingly, Plaintiff has plead a constitutionally protected liberty interest. *See Smith v. Harvey*, 541 F. Supp. 2d 8, 15 (D.D.C. 2008) (explaining that the plaintiff had a liberty interest in continued military service).

Defendant's motion to dismiss this claim is DENIED. However, the Court expresses no opinion as to whether or not Plaintiff will ultimately be able to prove that she was deprived of her interest in the continued practice of dentistry in the Navy without adequate due process.

### 3. Right to a Clean Record with the National Practitioner Data Bank and the New York Licensing Authorities

Similar to her alleged interest in the continued practice of dentistry with the Navy, Plaintiff fails to provide any support for her interest in having a clean record with the National Practitioner Data Bank and the New York licensing authorities. And, the Court has found no support for the constitutional protection of such an interest.

Multiple courts which have considered the issue have concluded that reports made to data banks do not implicate constitutionally protected liberty or property interests. *See, e.g., Simpkins v. Shalala*, 999 F. Supp. 106, 118-119 (D.D.C. 1998) (finding that no liberty or property interest was implicated when the District of Columbia General Hospital made an adverse action report to the National Practitioner Data Bank); *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), *cert denied*, 514 U.S. 1107 (1995) (finding no constitutionally protected interest when the Army

made an adverse action report to the national data bank); *Doe v. Rogers*, 139 F. Supp. 3d 120, 164-65 (D.D.C. 2015) (explaining that reports to a data bank do not constitute deprivation of a protected interest by the state). The refusal by courts to find infringement on a constitutionally protected interest based solely on reports to data banks conforms with the notion that governmental "'[d]efamation, by itself, is … not a constitutional deprivation.'" *Kartseva v. Dep't of State*, 37 F.3d 1524, 1527 (D.C. Cir. 1994) (quoting *Siegert v. Gilley*, 500 U.S. 226, 233 (1991)). And, the Court finds no reason to treat reports to licensing authorities differently than reports made to national data banks.

Based on these cases, and lacking any legal support from Plaintiff, the Court concludes that Plaintiff does not have a constitutionally protected interest in maintaining a clean record with the National Practitioner Data Bank and the New York licensing authorities. Accordingly, Defendant's motion is GRANTED and this claim is DISMISSED.

### E. Summary of the Court's Resolution of Defendant's Motion

For the foregoing reasons, the Court GRANTS Defendant's motion and DISMISSES (1) Plaintiff's Privacy Act claim based on a failure to amend personnel records, (2) Plaintiff's request that the Court enjoin the Navy from violating the constitutional rights of third parties who report discrimination, and (3) Plaintiff's Fifth Amendment due process claim alleging infringement on her right to a clean record with the National Practitioner Data Bank and the New York licensing authorities. But, Defendant's motion is otherwise DENIED.

## IV. DISCUSSION OF PLAINTIFF'S MOTION

Having resolved Defendant's motion for dismissal and summary judgment, the Court will now address Plaintiff's motion requesting discovery. In response to the Court's May 23, 2018 Order, Plaintiff moved for leave to conduct discovery on her claims. Defendant opposes

Plaintiff's general request for discovery, contending that discovery is not available and that the Court should decide the case on the administrative record. The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

Defendant argues that Plaintiff is not entitled to discovery in this case because, while she does not assert a claim under the Administrative Procedures Act ("APA"), her claims resemble APA claims. And, under the APA, discovery is generally not permitted. Accordingly, Defendant argues that discovery should not be permitted in this case.

The Navy has established its own procedural framework for affording due process to refute charges relating to adverse credentialing actions. *See* Bureau of Navy Medicine and Surgery Instruction 6320.67A (Sept. 12, 2001). Questions of whether this procedural framework satisfies the constitutional requirements for due process are governed by the APA. *See* 5 U.S.C. § 706. And, under the APA, judicial review of agency action is generally confined to "the record the agency presents to the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

Defendant alleges that Plaintiff's non-APA claims launch a collateral attack on the Navy's procedural framework for credentialing actions. Def.'s Mot., ECF no. 35, 21. Rather than asserting an APA claim directly, Defendant contends that Plaintiff seeks to circumvent discovery limitations and to re-litigate the merits of the adverse credentialing process by making claims under the Constitution and the Privacy Act. Defendant further argues that, because the allegedly deficient procedures are governed by the APA, Plaintiff should be bound by the APA limitations on discovery.

In considering the parties' arguments, the Court could not locate, the parties did not cite, any United States Court of Appeals for the District of Columbia Circuit case deciding whether or

not a plaintiff who asserts a non-APA challenge to agency action should be able to avoid the APA's bar on extra-record evidence. But, in evaluating Defendant's argument opposing discovery, the Court is guided by Judge James E. Boasberg's excellent reasoning in *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32 (D.D.C. 2018). Facing an issue similar to the one now before this Court, *Bellion* noted that many district courts have been reluctant to allow plaintiffs to conduct discovery when those plaintiffs assert non-APA claims challenging agency action. 335 F. Supp. 3d at 43 (citing cases). Based on these cases, the *Bellion* Court concluded that "when a constitutional challenge to agency action requires evaluating the substance of an agency's decision made on an administrative record, that challenge must be judged on the record before the agency." *Id.* But, if the challenge to agency action does not require the evaluation of the substance of the agency's decision made on the administrative record, then discovery is permissible.

This Court follows *Bellion* and concludes that Plaintiff is entitled to discovery insofar as her claims do not require the Court to evaluate the substance of the agency's decision made on the administrative record. This approach addresses Defendant's concern that "Plaintiff seeks to circumvent [the APA's] discovery limitation and re-litigate the merits of the adverse credentialing process by invoking the Constitution and Privacy Act while ignoring the APA." Def.'s Mot., ECF No. 35, 21. Again, insofar as Plaintiff challenges the substance and the merits of the Navy's adverse credentialing determination, Plaintiff is not entitled to discovery as the Navy's adverse credentialing determination was made on the administrative record. But, if Plaintiff's claims do not require the Court to evaluate the substance and the merit of the Navy's adverse credentialing determination, then Plaintiff is entitled to discovery.

Based on this standard for granting discovery, the Court concludes that Plaintiff is entitled to discovery on her remaining Privacy Act claim and on her First Amendment claims. Plaintiff is also entitled to discovery on her Fifth Amendment due process claim alleging an infringement on her right to already-received incentive payments. However, the Court DENIES WIHTOUT PREJUDICE Plaintiff's request for discovery on her due process claim alleging infringement on her right to the continued practice of dentistry in the Navy.

First, Plaintiff is entitled to discovery on her remaining Privacy Act claim. Plaintiff's Privacy Act claim alleges that Defendant wrongfully disclosed her personnel record information to various third parties. Addressing this claim will not require the Court to evaluate the substance of the Navy's decision made on the administrative record. Moreover, the Court notes that Defendant appears to concede that limited discovery is available on this claim based the Court's September 21, 2017 Memorandum Opinion. Def.'s Reply, ECF No. 41, 4 ("This Court has already ruled that … discovery is available … [and Defendant] does not seek to relitigate a matter on which this Court already has ruled." (citing ECF No. 16, 17-18)). Accordingly, discovery is permissible on Plaintiff's remaining Privacy Act claim.

Second, the Court finds that Plaintiff is entitled to discovery on her First Amendment claims. Defendant provides no argument as to why the Court should not grant discovery on Plaintiff's First Amendment claims. Instead, Defendant argues that the Court's ruling on Defendant's pending motion concerning Plaintiff's Privacy Act and Due Process claims "will materially affect the posture of Plaintiff's First Amendment claims and whether record review is sufficient to address them." *Id.* at 2. But, it is unclear to the Court how the resolution of Defendant's pending motion, which does not address Plaintiff's First Amendment claims, has any bearing on the permissibility of discovery for Plaintiff's First Amendment claims.

In her First Amendment claims, Plaintiff alleges that Defendant retaliated against her for engaging in protected speech and for petitioning the government to redress a grievance. Compl., ECF No. 1, ¶¶ 33-36. Plaintiff contends that in retaliation for letters written to senior government officials regarding her treatment, Defendant issued Plaintiff a Notification of Administrative Separation and separated her from her position in the Navy. *Id.* Addressing this claim does not require the Court to evaluate the merits of the adverse credentialing decisions which the agency made on the administrative record. Accordingly, Plaintiff is permitted to supplement the record with discovery for her First Amendment claims.

Finally, the Court finds that discovery is permissible for Plaintiff's Fifth Amendment due process claim alleging an infringement of her interest in her already-received incentive payments. This claim challenges Defendant's recoupment of Plaintiff's incentive payments which she had already received. The alleged recoupment of Plaintiff's incentive payments occurred after the Navy had already made its decision on Plaintiff's credentialing. As Plaintiff challenges an action taken after Defendant had made its credentialing determination, this claim does not require the Court to evaluate the substance of the Navy's decision which was made on the administrative record. Accordingly, discovery is permissible for this claim.

Despite allowing discovery on the preceding claims, the Court concludes that discovery is not permissible on Plaintiff's Fifth Amendment due process claim alleging infringement on her right to the continued practice of dentistry in the Navy. In determining whether or not Defendant unconstitutionally infringed on Plaintiff's right to continue practicing dentistry in the Navy, the Court would be required to evaluate the merits of the Navy's decision revoking Plaintiff's credentials. This decision was made on the administrative record. Accordingly, the Court will also limit its review of this claim to the administrative record. S*ee Chiayu Chang v. U.S.*

*Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 161-62 (D.D.C. 2017) (limiting review of the plaintiff's due process claim to the administrative record because plaintiff's due process claim was fundamentally similar to an APA claim).

However, even for APA claims, limited discovery is permissible in certain "unusual circumstances." *City of Dania Beach v. Fed. Aviation Admin.*, 628 F.3d 581, 590 (D.C. Cir. 2010) (internal quotation marks omitted). Plaintiff argues that, under APA standards, limited discovery should be granted on her claims because Defendant's administrative record is incomplete. Pl.'s Mot., ECF No. 34, 5-7.

But, Plaintiff's current motion fails to explain why discovery should be permitted under the APA's limitations. Plaintiff previously filed a Motion to Compel Submission of Complete Administrative Record, contending that the administrative record was incomplete. *See generally* ECF No. 22. However, that motion, which the Court denied without prejudice, was filed before the Court dismissed certain claims of Plaintiff and before the Court granted discovery for many of Plaintiff's other claims. Accordingly, it is not clear to the Court whether or not Plaintiff still requests supplementation of the administrative record for the sole claim for which discovery has been denied. If, given this Court's ruling, Plaintiff still finds the current administrative record to be inadequate, she should file a motion stating grounds for supplementing the administrative record as it relates to this claim only.

To summarize, the Court GRANTS Plaintiff's motion and permits discovery as to Plaintiff's (1) remaining Privacy Act claim, (2) her First Amendment claim, and (3) her Fifth Amendment due process claim alleging an infringement on her right to already-received incentive payments. But, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion for discovery on her Fifth Amendment due process claim alleging an infringement on her right to the

continued practice of dentistry in the Navy. Evaluating this claim will require the Court to assess an agency decision which was made on the administrative record. Accordingly, the Court will also limit its review of this claim to the administrative record.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Partial Dismissal of the Complaint and for Partial Summary Judgment. The Court will DISMISS: (1) Plaintiff's Privacy Act claim alleging a failure to amend Plaintiff's personnel records, (2) Plaintiff's request that the Court enjoin the Navy from violating the constitutional rights of third parties who allege discrimination, and (3) Plaintiff's Fifth Amendment due process claim alleging infringement on her right to a clean record with the National Practitioner Data Bank and the New York licensing authorities. The Court otherwise DENIES Defendant's motion.

The Court similarly GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Leave to Conduct Discovery. The Court permits discovery on: (1) Plaintiff's remaining Privacy Act claim, (2) Plaintiff's First Amendment claims, and (3) Plaintiff's Fifth Amendment due process claim alleging infringement on her right to her already-received incentive payments. However, the Court DENIES WITHOUT PREJUDCE Plaintiff's request for discovery on her Fifth Amendment due process claim alleging infringement on her right to the continued practice of dentistry in the Navy. This claim requires the Court to evaluate an agency decision made on the administrative record. Accordingly, the Court will limit its review to the administrative record unless Plaintiff can demonstrate that the administrative record is in some way inadequate and requires supplementation as to this claim.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____

COLLEEN KOLLAR-KOTELLY
United States District Judge
